UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK T. CRAIGHEAD and
SAFE PLACE TRANSITION, INC.,

        Plaintiffs,

Case No. 23-12252
Hon. Jonathan J.C. Grey

v.

BRIAN WINFIELD HECKMAN,

        Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND (ECF No. 7)

### I.    INTRODUCTION

On September 1, 2023, plaintiffs Mark T. Craighead and Safe Place Transition, Inc. ("Safe Place") filed a notice of removal (ECF No. 1), seeking to remove a case from Wayne County Probate Court. Defendant Brian Winfield Heckman was served on September 13, 2023 (ECF No. 5), and he timely filed a motion to remand on October 4, 2023. (ECF No. 7.) Plaintiffs timely filed a response.[1] For the reasons that follow, the Court **GRANTS** the motion to remand.

---

[1] The Court notes that Safe Place is a corporation. As such, Craighead, who is not an attorney, cannot represent Safe Place, nor can Safe Place represent itself, because Safe Place must be represented by an attorney. *See e.g., Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (quoting *Osborn v. Bank of U.S.*, 22 U.S. (9 Wheat.) 738,

## II. BACKGROUND

On June 27, 2023, Heckman, acting as an Assistant Attorney General for the State of Michigan's Corporate Oversight Division, filed a petition regarding Safe Place in Wayne County Probate Court. (ECF No. 1, PageID.17-80.) The petition alleges Safe Place, a 501(c)(3) nonprofit corporation, owned a number of rental properties and that Craighead also used Safe Place as a straw man to purchase and/or hold real estate for a friend of Craighead. (*Id.* at PageID.21–22.) The petition further alleges that Safe Place, including through its officers and directors— namely Craighead, violated provisions of the Michigan Compiled Laws pertaining to charitable trust organizations. (*Id.* at PageID.22–24.)

## III. LEGAL STANDARD

Section 1447(c) directs a district court to remand a case to state court if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The burden of establishing jurisdiction falls on the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

> Federal district courts are courts of "limited jurisdiction," and the burden of establishing subject matter jurisdiction rests with [ . . . ] the party removing the case and asserting federal

---

829 (1824) ("under longstanding tradition, 'a corporation can only appear by an attorney.'")); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970).

jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir.1996) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985)); *see also Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)), abrogated on other grounds by *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008).

Section 1441(a) of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." There is no suggestion that the parties to this action are citizens of different states, and therefore there can be no subject matter jurisdiction under 28 U.S.C. § 1332(a). However, federal courts have jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and such a case may be removed by the defendant if the complaint is based on federal law. *See* 28 U.S.C. § 1441(b). If a matter over which this Court lacks subject matter jurisdiction is removed to this Court, "the case shall be remanded....The State court may thereupon proceed with such case." 28 U.S.C. 1447(c). Federal courts "look to the complaint at the time of removal ... and determine whether the action was properly removed in the

3

> first place." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).
>
> Federal courts use the "well-pleaded complaint" rule to determine "arising under" jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000). That rule provides that " 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Ibid.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "[T]he party who brings the suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913).
>
> General speaking, a case "arises under" federal law if the "cause[ ] of action [is] created by federal law, that is, where federal law provides a right to relief." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (citations omitted); *see also American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916) (holding that "[a] suit arises under the law that creates the cause of action"); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (observing that the " 'vast majority' of cases that come within [section 1331's] grant of jurisdiction are covered by Justice Holmes' statement [in *American Well Works*]").

*Partlow v. Person*, 798 F. Supp. 2d 878, 882–83 (E.D. Mich. 2011) (Lawson, J.).

## IV. ANALYSIS

In this case, plaintiffs do not identify any specific federal cause of action in the Probate Court petition. Plaintiffs contend in the notice of

4

removal that Heckman (acting on behalf of the State of Michigan) is violating plaintiffs' "due process," "fourth amendment," and "civil rights." (ECF No. 1, PageID.5–7.) In the response brief, they contend that the "notice of removal clearly articulate[s] . . . federal questions under the U.S. Constitution and federal statutes, including 42 U.S.C. § 1983." (ECF No. 12, PageID.120.) Plaintiffs further argue:

> [The] notice of removal alleges Fourth and Fourteenth Amendment violations based on Defendant's deliberate misclassification of Safe Place Transition Center Inc. as a charitable trust in order to improperly seize its assets without due process in probate court resulted into constitutional and civil rights violations by Defendant, raising federal questions under 28 U.S.C. § 1331.

(*Id.* at PageID.121.)

In their response brief, plaintiffs also offer some detail on why they believe they have alleged plausible federal claims. Plaintiffs assert that they have a First Amendment retaliation claim based on a pending lawsuit against the City of Detroit, as well as Fourth and Fourteenth Amendment claims for violations for deprivation of property without due process (including misclassification of Safe Place as a charitable trust). (*Id.* at PageID.124.)

5

If plaintiffs had filed First, Fourth, and/or Fourteenth Amendment claims in this Court (*i.e.,* filed a complaint alleging those claims), the Court would have jurisdiction to hear them. Plaintiffs did not do so, however, and instead sought to remove an action from probate court that pleads no claims or issues based on any federal or constitutional law. As set forth in the Legal Standard section above, the absence of any federal subject matter jurisdiction over the claims in the petition filed by Heckman means that a federal district court must remand the action to the court from which it was removed. *See, e.g., Long*, 201 F.3d at 758; *Brown*, 75 F.3d at 864–65; *Partlow*, 798 F. Supp. 2d at 882–83.

Further, it is well-established law that a removing party cannot create a federal question by asserting an issue of federal law in a pleading or removal petition. *Caterpillar*, 482 U.S. at 393. In other words, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow*, 478 U.S. at 810 n. 6. As Heckman did not assert a federal question or constitutional issue in the petition filed in Wayne County Probate Court, this Court lacks jurisdiction notwithstanding plaintiffs' attempts to generate a federal question by raising constitutional issues in the removal petition and response brief.

6

In light of the foregoing, the Court finds that it lacks subject matter jurisdiction over this case. The Court therefore **GRANTS** the motion to remand and **REMAND** this matter to the Wayne County Probate Court.

## V.   CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Heckman's motion to remand (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Wayne County Probate Court

   **SO ORDERED.**

Date: December 21, 2023              **s/Jonathan J.C. Grey**
                                     Hon. Jonathan J.C. Grey
                                     United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 21, 2023.

>                    s/ **S. Osorio**
>                    Sandra Osorio
>                    Case Manager